Marc D. Haefner
Eric S. Padilla
WALSH PIZZI O'REILLY FALANGA LLP
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel: (973) 757-1100
*Attorneys for Defendants*

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID GORDON OPPENHEIMER,<br><br>        Plaintiff,<br><br>v.<br><br>THE TRUSTEES OF THE STEVENS INSTITUTE OF TECHNOLOGY; STEVENS INSTITUTE OF TECHNOLOGY INTERNATIONAL, INC., RUSSELL ROGERS, and DOES 1-10<br><br>        Defendants. | Civil Action No. 23-cv-553 (MCA-MAH)<br><br>**DEFENDANTS' ANSWER, SEPARATE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT**<br><br>*Electronically Filed* |

Defendants The Trustees of the Stevens Institute of Technology, Stevens Institute of Technology International, Inc., and Russell Rogers (collectively "Defendants"), by and through their undersigned counsel, submit their Answer, Separate Defenses, and Counterclaim to the Complaint filed by Plaintiff David Gordon Oppenheimer as follows:

### AS TO "JURISDICTION AND VENUE"

1. Defendants admit that Plaintiff asserts claims under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et seq*.

2. Defendants admit that the United States District Court for the District of New Jersey has jurisdiction over the claims in Plaintiff's Complaint.

3. Defendants admit that the United States District Court for the District of New Jersey is the proper venue for the claims in Plaintiff's Complaint.

## AS TO "PARTIES"

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Except to admit that Stevens Institute of Technology International, Inc. ("SITI") is a New Jersey non-profit corporation, Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint as pled.

6. Except to admit that The Trustees of the Stevens Institute of Technology (the "University") exercises authority granted to them pursuant to the University's governing documents, Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint as pled.

7. Except to admit that Russell Rogers is employed by Stevens as its athletic director, Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint as pled.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. The allegations in Paragraph 9 of Plaintiff's Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint as pled.

## AS TO "CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPH"

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Except to deny the allegation "Defendants were on notice that the work was protected by copyright," Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Except to aver that "prior to first publication and the start of the infringement at issue" states a legal conclusion to which no response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants state that the referenced websites speak for themselves as to their terms and deny the allegations contained in Paragraph 13 of Plaintiff's Complaint as pled.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint as pled.

15. Except to aver that Stevens maintains certain social media accounts, Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint as pled.

16. Defendants state that the referenced document(s) speak for themselves as to their terms and deny the allegations contained in Paragraph 16 of Plaintiff's Complaint as pled.

17. Defendants state that the referenced document(s) speak for themselves as to their terms and deny the allegations contained in Paragraph 17 of Plaintiff's Complaint as pled.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 18 as pled.

19. The allegations contained in Paragraph 19 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, except to aver that the referenced image speaks for itself, Defendants deny the allegations contained in Paragraph 20 as pled.

21. The allegations contained in Paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, except to aver that the referenced document speaks for itself, Defendants deny the allegations contained in Paragraph 21 as pled.

22. Defendants state that the referenced document speaks for itself as to its terms and deny the allegations contained in Paragraph 22 of Plaintiff's Complaint as pled.

23. Except to aver that Stevens notified Plaintiff of his infringement of Stevens trademarks and to state that the referenced document speaks for itself as to its terms, Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint as pled.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

<b><u>AS TO "FIRST CLAIM FOR RELIEF"</u></b><br><b>"(For Copyright Infringement – Against all Defendants, and Each)"</b>

25. All of the responses in the foregoing paragraphs of this Answer are hereby incorporated by reference as if set forth at length herein.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint as pled.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint as pled.

29. The allegations contained in Paragraph 29 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. The allegations contained in Paragraph 30 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. The allegations contained in Paragraph 31 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. The allegations contained in Paragraph 32 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

<u>**AS TO "SECOND CLAIM FOR RELIEF"**</u>
**"(For Violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202))"**

33. All of the responses in the foregoing paragraphs of this Answer are hereby incorporated by reference as if set forth at length herein.

34. The allegations contained in Paragraph 34 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. The allegations contained in Paragraph 35 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## SEPARATE DEFENSES AND AVOIDANCES

### FIRST SEPARATE DEFENSE

Some or all of the claims set forth in the Complaint fail to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE OR AVOIDANCE

Some or all of the claims set forth in the Complaint are barred by the equitable doctrines of unclean hands, laches, waiver, estoppel, acquiescence, and/or other equitable principles.

### THIRD SEPARATE DEFENSE OR AVOIDANCE

At all times, Defendants acted in good faith.

### FOURTH SEPARATE DEFENSE OR AVOIDANCE

Plaintiff's claims are barred or are limited to the extent Plaintiff's damages resulted from his own actions.

**WHEREFORE**, Defendants are entitled to the entry of judgment in their favor, dismissing Plaintiff's claims in their entirety, with an award to Defendants and against Plaintiff of the costs, including reasonable attorneys' fees, incurred in defending against Plaintiff's action.

## COUNTERCLAIM

Defendant and counterclaim-plaintiff the Stevens Institute of Technology (the "University"), by and through its undersigned counsel, as and for its counterclaim against plaintiff and counterclaim-defendant David Gordon Oppenheimer ("Oppenheimer"), hereby states as follows:

### NATURE OF ACTION

1. This action arises from Oppenheimer's trademark infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125, and unfair competition and trademark

infringement in violation of N.J.S.A. § 56:4-1 and under the common laws of the State of New Jersey. Oppenheimer has intentionally infringed the University's intellectual property rights by marketing and selling products which prominently feature several of the University's marks, including "Stevens Institute of Technology," the stylized "S," "Stevens Ducks," and "Attila the Duck" (collectively, the "University Marks").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1128 and 28 U.S.C. §§ 1331, 1338, and 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, omissions, and acts giving rise to this action occurred in this district including, without limitation, Oppenheimer's promotion and sale of goods displaying the University Marks.

## PARTIES

4. Defendant and counterclaim-plaintiff the University is a nonprofit educational institution created by an Act of the New Jersey Legislature in 1870, with its principal place of business in this District.

5. Upon information and belief, plaintiff and counterclaim-defendant David Gordon Oppenheimer is an individual engaged in the practice of taking and selling photographs, as well as other products displaying such photographs.

## FACTUAL BACKGROUND

6. The University is the owner of a number of trademarks including, without limitation, the names "Stevens," and various other words, graphics, and symbols including, without limitation the University Marks.

7

7. The University was formed in 1870 and has, over the course of more than 150 years, used its trademarks and variations thereof, including the University Marks, in the State of New Jersey, elsewhere in the United States, and internationally.

8. The University has established valuable rights in the University Marks, goodwill in the marketplace, and extensive recognition of the University Marks, all of which represent highly valuable assets of the University.

9. The University as a non-profit, charitable organization focused on education takes great care to protect its reputation and the University Marks. The University carefully analyzes and reviews licensing requests and limits the use of the University Marks to ensure that the University is depicted in a manner consistent with its values and mission at all times.

10. The University has taken reasonable and substantial steps to protect the exclusivity and considerable value of the University Marks and is entitled to control the use of the same.

11. Through more than a century of continuous use, advertising, promotion and public exposure, the University Marks have acquired favorable public recognition as marks exclusively identified with the University and the University's longstanding tradition of excellence in research, education, technology, and athletics.

12. Oppenheimer infringed upon the University's rights in and to the University Marks by using, without the University's authorization, images containing the University Marks in order to market, promote, and sell various goods to consumers in New Jersey and elsewhere.

13. In particular, Oppenheimer has marketed, promoted, sold and/or continues to market, promote, and sell at least twenty-five items prominently featuring the University Marks via at least two websites: "www.fineartamerica.com" and "www.pixels.com."

14. Through these sites, consumers or other potential purchasers could purchase from Oppenheimer several types of merchandise featuring the University Marks including, without limitation, shower curtains, and, for a fee, a license to Oppenheimer's photographs prominently displaying the University Marks advertised under the University name.

15. In addition, Oppenheimer displayed, or caused to be displayed, images featuring the University Marks on a number of other websites including, without limitation: "www.performanceimpressions.com," "www.flickr.com," and "www.skypixel.com."

16. Oppenheimer's use of the University Marks in connection with goods sold, marketed, or promoted by him has caused and is likely to cause confusion, mistake or deception with respect to the source of such products. Consumers, who have long recognized the University Marks, were mistaken or are likely to be mistaken into believing that Oppenheimer's infringing activities are authorized by, affiliated with, associated with, endorsed, or otherwise approved by the University.

17. By marketing, promoting, and selling goods through use of the University Marks and prominently featuring the University Marks, Oppenheimer has traded on the University's good name and extensive public recognition, thereby benefitting from the false implication that some association with, or authorization by, the University exists. Oppenheimer's acts of infringement set forth herein shall be collectively referred to as the "Infringing Acts."

18. By engaging in the Infringing Acts, Oppenheimer has deprived the University of exclusive right of control over the University Marks, including the public perception of the same, and misappropriated the substantial good will generated by the University through, *inter alia*, the University Marks for over 150 years.

## COUNT I
### (Trademark Infringement – Lanham Act)

19. The University repeats and realleges each of the foregoing allegations as if fully set forth herein.

20. The University owns all right, title, and interest in and to the University Marks.

21. Through his Infringing Acts, Oppenheimer was infringing and may continue to infringe upon the University's common law marks in New Jersey and elsewhere in the United States by promoting, marketing, and selling goods in a manner likely to cause confusion as to the origin of the goods promoted, marketed, or sold by Oppenheimer utilizing the University Marks and as to the false implication of the University's authorization, approval, or other association with such goods.

22. The Infringing Acts were done intentionally and willfully in order to obtain the benefit of the University's name and good will in the University Marks.

23. Oppenheimer will continue to engage in the Infringing Acts, and thereby cause continued confusion among the public and cause harm and injury to the University.

24. The University is entitled to monetary and injunctive relief as permitted by applicable law including, without limitation, attorneys' fees and costs.

## COUNT II
### (Trademark Infringement – N.J.S.A. § 56:4-1, *et seq*.)

25. The University repeats and realleges each of the foregoing allegations as if fully set forth herein.

26. The University owns all right, title, and interest in and to the University Marks.

27. Through his Infringing Acts, Oppenheimer was infringing and may continue to infringe upon the University's common law marks in New Jersey and elsewhere in the United

States by promoting, marketing, and selling goods in a manner likely to cause confusion as to the origin of the goods promoted, marketed, or sold by Oppenheimer utilizing the University Marks and as to the false implication of the University's authorization, approval, or other association with such goods.

28. The Infringing Acts were done intentionally and willfully in order to obtain the benefit of the University's name and goodwill in the University Marks.

29. Oppenheimer will continue to engage in the Infringing Acts, and thereby cause continued confusion among the public and cause harm and injury to the University.

30. The University is entitled to monetary and injunctive relief as permitted by applicable law including, without limitation, attorneys' fees and costs.

## COUNT III
### (Common Law Trademark Infringement)

31. The University repeats and realleges each of the foregoing allegations as if fully set forth herein.

32. The University owns all right, title, and interest in and to the University Marks.

33. Through his Infringing Acts, Oppenheimer was infringing and may continue to infringe upon the University's common law marks in New Jersey and elsewhere in the United States by promoting, marketing, and selling goods in a manner likely to cause confusion as to the origin of the goods promoted, marketed, or sold by Oppenheimer utilizing the University Marks and as to the false implication of the University's authorization, approval, or other association with such goods.

34. The Infringing Acts were done intentionally and willfully in order to obtain the benefit of the University's name and goodwill in the University Marks.

35. Oppenheimer will continue to engage in the Infringing Acts, and thereby cause continued confusion among the public and cause harm and injury to the University.

36. The University is entitled to monetary and injunctive relief as permitted by applicable law including, without limitation, attorneys' fees and costs.

## COUNT IV
### (Unfair Competition – Lanham Act)

37. The University repeats and realleges each of the foregoing allegations as if fully set forth herein.

38. Oppenheimer's acts have created, or are likely to create, confusion among the public by falsely implying the University's association with, or approval of, goods marketed, promoted, and sold by Oppenheimer displaying the University Marks.

39. By trading on the University's goodwill through the University Marks and passing off products bearing the University Marks as though such products were those of the University, Oppenheimer has violated the Lanham Act's prohibition against unfair competition.

40. Oppenheimer's acts have caused and will continue to cause harm and injury to the University.

41. The University is entitled to monetary and injunctive relief as permitted by applicable law including, without limitation, attorneys' fees and costs.

## COUNT V
### (Unfair Competition – N.J.S.A. § 56:4-1, *et seq*.)

42. The University repeats and realleges each of the foregoing allegations as if fully set forth herein.

43. Oppenheimer's acts have created, or are likely to create, confusion among the public by falsely implying the University's association with, or approval of, goods marketed, promoted, and sold by Oppenheimer displaying the University Marks.

44. By trading on the University's goodwill through the University Marks and passing off products bearing the University Marks as though such products were those of the University, Oppenheimer has violated the prohibition against unfair competition under New Jersey law.

45. Oppenheimer's acts have caused and will continue to cause harm and injury to the University.

46. The University is entitled to monetary and injunctive relief as permitted by applicable law including, without limitation, attorneys' fees and costs.

## COUNT VI
### (Common Law Unfair Competition)

47. The University repeats and realleges each of the foregoing allegations as if fully set forth herein.

48. Oppenheimer's acts have created, or are likely to create, confusion among the public by falsely implying the University's association with, or approval of, goods marketed, promoted, and sold by Oppenheimer displaying the University Marks.

49. By trading on the University's goodwill through the University Marks and passing off products bearing the University Marks as though such products were those of the University, Oppenheimer has violated the common law prohibition against unfair competition.

50. Oppenheimer's acts have caused and will continue to cause harm and injury to the University.

51. The University is entitled to monetary and injunctive relief as permitted by applicable law including, without limitation, attorneys' fees and costs.

**WHEREFORE,** the University respectfully requests the Court enter an Order: (a) awarding the University damages in an amount to be determined at trial, plus attorneys' fees and costs; (b) preliminarily and permanently enjoining Oppenheimer and his agents, employees, successors, assigns, licensees, and other persons acting in privity or in concert with him, from further promotion, marketing, and sale of any goods or services reflecting any of the University Marks or other marks owned or controlled by the University pursuant to applicable law.

Dated: March 31, 2023                                Respectfully submitted,

                                      **WALSH PIZZI O'REILLY FALANGA LLP**

By:   *s/ Marc D. Haefner*
       Marc D. Haefner
       Eric S. Padilla
       WALSH PIZZI O'REILLY FALANGA LLP
       100 Mulberry Street, 15th Floor
       Newark, New Jersey 07102
       Tel: (973) 757-1100
       *Attorneys for Defendants and Counterclaim-Plaintiff*