UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

DAVID GORDON OPPENHEIMER,

*Plaintiff,*

v.

THE TRUSTEES OF THE STEVENS INSTITUTE OF TECHNOLOGY; STEVENS INSTITUTE OF TECHNOLOGY INTERNATIONAL, INC., RUSSELL ROGERS, and DOES 1-10,

*Defendants.*

Civil Action No. 23-553 (MEF)(MAH)

**OPINION and ORDER**

The Plaintiff sued under federal law, alleging the Defendants improperly used the Plaintiff's photograph and altered the photograph's watermark.

One of the Defendants counterclaimed under federal and New Jersey law, alleging the Plaintiff sells photographs that infringe on the Defendant's marks.

The Plaintiff has now moved to dismiss the counterclaim. The motion is denied.[1]

\* \* \*

To survive a motion to dismiss, a counterclaim (like a complaint) must plead facts that make the claim for relief set

---

[1] Because it addresses the motion to dismiss the counterclaim, this Opinion and Order refers to the Plaintiff as "Counterclaim Defendant" and to the relevant Defendant as "Counterclaim Plaintiff."

1

out in the counterclaim "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (cleaned up); see also Polysciences, Inc. v. Masrud, 2023 WL 3377084, at *1 (3d Cir. May 11, 2023) (applying the Iqbal standard to a counterclaim); accord, e.g., Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011); Mr. Sandless Franchise, LLC v. Karen Cesaroni LLC, 498 F. Supp. 3d 725, 732 (E.D. Pa. 2020). A claim is plausible "when the [counterclaim-plaintiff] pleads factual content that allows the court to draw the reasonable inference that the [counterclaim-defendant] is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see generally Cnty. of Hudson v. Janiszewski, 351 F. App'x 662, 667 (3d Cir. 2009) (applying the Iqbal standard to a counterclaim). This analysis is "context specific, requiring the reviewing court to draw on its judicial experience and common sense." Id. at 664.

In the Third Circuit, motions to dismiss are assessed as follows.

First, the Court "must 'tak[e] note of the elements [a counterclaim-plaintiff] must plead to state a claim.'" Connolly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 675). Second, the Court must identify those allegations that are merely conclusory, and set them to one side as irrelevant to the analysis. See id. Third, the Court must determine whether the remaining allegations "'plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679).

### I. **The First and Fourth Counterclaims**

The first counterclaim (for trademark infringement) and the fourth counterclaim (for unfair competition) arise under the Lanham Act.

The elements of these claims are: (i) the marks are valid and legally protectable; (ii) the plaintiff owns the marks; and (iii) the defendant's use of the mark is likely to create confusion concerning the origin of those goods or services. See Commerce Nat. Ins. Servs., Inc. v. Commerce Ins. Agency, Inc., 214 F.3d 432, 437 (3d Cir. 2000).

As to the first and fourth counterclaims, the Counterclaim Defendant presses two arguments, as to distinctiveness (I.A below) and as to the specificity of the allegations (I.B below).

2

### A. Distinctiveness

The marks at issue in this case are not registered. To satisfy the first of the three elements (the "valid and legally protectable" element), unregistered marks must be "inherently distinctive" or have "secondary meaning." Fisons Horticulture, Inc. v. Vigoro Indus., Inc., 30 F.3d 466, 472 (3d Cir. 1994).

The Counterclaim Defendant contends that the first and fourth counterclaims "fail to allege any facts that could even support an inference of secondary meaning for any of [the Counterclaim Plaintiff's] marks, much less to assert concrete allegations of distinctiveness or secondary meaning." Plaintiff David Gordon Oppenheimer's Memorandum of Law in Support of his Motion to Dismiss Counterclaims ("Motion to Dismiss") at 9.

But the first and fourth counterclaims allege that the Counterclaim Plaintiff "has, over the course of more than 150 years, used its trademarks and variations thereof, including the [contested] . . . [m]arks, in the State of New Jersey, elsewhere in the United States, and internationally." Counterclaim ¶ 7.

The first and fourth counterclaims also allege that "[t]hrough more than a century of continuous use, advertising, promotion and public exposure, the [contested] . . . [m]arks have acquired favorable public recognition as marks exclusively identified with the [Counterclaim Plaintiff, a university] and the University's longstanding tradition of excellence in research, education, technology, and athletics." Id. ¶ 11.

At the motion to dismiss stage, this is sufficient. See, e.g., Shirley May Int'l US Inc. v. Marina Group LLC, 2022 WL 17622066, at *6 (D.N.J. Dec. 13, 2022); Internet Prod. LLC v. LLJ Enterprises, Inc., 2020 WL 6883430, at *6 (D.N.J. Nov. 24, 2020); Hampden Eng'g Corp. v. Shear Tech., LLC, 2017 WL 1839284, at *2 (D.N.J. May 5, 2017); Lorillard Techs., Inc. v. NJ Ale House, 2015 WL 1197531, at *7-8 (D.N.J. Mar. 13, 2015); Valley Forge Mil. Acad. Found. v. Valley Forge Old Guard, Inc., 24 F. Supp. 3d 451, 457 (E.D. Pa. 2014).

### B. Specificity

Next, the Counterclaim Defendant argues that the first and fourth counterclaims should be dismissed because the Counterclaim Plaintiff "alleges only that . . . [the Counterclaim Defendant] . . . engaged in some vague 'Infringing

Acts' without any further specificity." Motion to Dismiss at 9. This is not accurate.[2]

But in its reply brief, the Counterclaim Defendant clarifies its argument. Namely, the Counterclaim Defendant notes that the counterclaim alleges that the Counterclaim Defendant has infringed on "the [Counterclaim Plaintiff's] marks," which are defined as "including" (but apparently not limited to) five listed marks. See Plaintiff David Gordon Oppenheimer's Reply Memorandum of Law in Support of His Motion to Dismiss Counterclaims at 7. Based on this, the Counterclaim Defendant argues, the counterclaims are "vague" and must be dismissed. Id. at 7-8. Otherwise, the argument goes, the counterclaim, as currently pleaded, could allow liability to be imposed for infringing on marks that are not themselves specified anywhere. Id.[3]

The Counterclaim Plaintiff will be given an opportunity to address this argument. It did not have such an opportunity, because the argument came most fully into view in the Counterclaim Defendant's reply brief.

\*   \*   \*

---

[2] The counterclaim alleges that the Counterclaim Defendant "has marketed, promoted, sold and/or continues to market, promote, and sell at least twenty-five items prominently featuring the [trademarks at issue] via at least two websites: 'www.fineartamerica.com' and 'www.pixels.com.'" Counterclaim ¶ 13. The counterclaim also alleges: "Through these sites, consumers or other potential purchasers could purchase from [the Counterclaim Defendant] several types of merchandise featuring the [trademarks at issue] including, without limitation, shower curtains, and, for a fee, a license to [the Counterclaim Defendant's] photographs prominently displaying the [trademarks at issue] advertised under the [Counterclaim Defendant's] name." Id. ¶ 14. Finally, the counterclaim alleges that the Counterclaim Defendant "displayed, or caused to be displayed, images featuring the [trademarks at issue] on a number of other websites including, without limitation: 'www.performanceimpressions.com,' 'www.flickr.com,' and 'www.skypixel.com.'" Id. ¶ 15.

[3] The Counterclaim Plaintiff may want to address this argument simply by striking the word "including" from relevant parts of the counterclaim.

4

The motion to dismiss the first and fourth counterclaim is denied, subject to the Order that is today issued along with this Opinion and Order, which gives the Counterclaim Plaintiff a chance to respond to the Counterclaim Defendant's argument described above.

### II.   **The Second and Fifth Counterclaims**

The Counterclaim Defendant presses the same arguments as to the second and fifth counterclaims as he does with respect to the first and fourth counterclaims. See Motion to Dismiss at 9-11. And the parties agree that the law governing the second and fifth counterclaims is not meaningfully different than the law governing the first and fourth counterclaims. See id.; Defendants' Brief in Opposition to Plaintiff David Gordon Oppenheimer's Motion to Dismiss Counterclaims ("Opposition to Motion to Dismiss") at n.2.

Accordingly, the motion to dismiss the second and fifth counterclaims is denied for the reasons set out in Part I, subject to the Order that is today issued along with this Opinion and Order.

### III.   **The Third and Sixth Counterclaims**

The Counterclaim Defendant presses the same arguments as to these counterclaims as he does with respect to the others. See Motion to Dismiss at 11-12. And, as before, the parties agree that the law governing these counterclaims is not meaningfully different than the law that governs the others. See id.; Opposition to Motion to Dismiss at n.2.

Accordingly, the motion to dismiss the third and sixth counterclaims is denied for the reasons set out in Part I, subject again to the Order that is today issued along with this Opinion and Order.

IT IS on this 27th day of June, 2023, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.